UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| RIVARD FARMS, INC., a Minnesota corporation, ) ) ) Plaintiff, ) ) v. ) ) G. ALLAN PEARSON and PRUDENTIAL ) INSURANCE COMPANY of AMERICA, ) ) Defendant. ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above-captioned action is removed by defendant The Prudential Insurance Company of America ("Prudential") from the District Court of Grand Forks, County, North Dakota, to the United States District Court for the District of North Dakota, by the filing of this Notice of Removal with the Clerk of the United States District Court for the District of North Dakota. As grounds therefor, Prudential states as follows:

1.  This action may be removed to this Court by Prudential pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446. There is complete diversity of citizenship between Plaintiff and the only properly joined defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.  On or about September 17, 2015, Plaintiff served on Prudential an action in the District Court of District Court of Grand Forks, County, North Dakota, captioned *Rivard Farms, Inc. v. G. Allan Pearson and Prudential Insurance Company of America* (the "State Court

Action"). A copy of Plaintiff's Summons and Complaint, which constitutes all process, pleadings and orders served upon Prudential in the State Court Action, is attached as Exhibit A.

3. Plaintiff's Complaint purports to assert various claims, all of which arise out of the sale and subsequent servicing of a Prudential life insurance policy. Plaintiff asserts that it purchased the Prudential life insurance policy in 1983 and that defendant G. Allan Pearson ("Pearson") represented that "any and all remaining premiums for said policy would be paid out of the cash value of the policy." (Ex. A, ¶ IV.) Notwithstanding these alleged representations, "said policy lapsed, and Prudential has refused to pay over the face value of the life insurance policy at issue." (*Id.*, ¶ XVIII.) Based on these and other allegations – all of which pertain to the Prudential life insurance policy – Plaintiff purports to assert breach of contract and related claims against Prudential and Pearson.

4. Prudential purportedly was served with the Complaint in the State Court Action on September 17, 2015.

5. Since Pearson has been fraudulently joined, as explained herein, his consent to this removal is not required. *See Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir. 1983); *Hulne v. Int'l Harvester Co.*, 496 F. Supp. 849, 851 (D.N.D. 1980). Nevertheless, Pearson, through his counsel, has advised Prudential that he consents to this removal.

6. This Notice of Removal is filed within thirty days after the Complaint was first served on Prudential and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

7. A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the District Court of Grand Forks County, North Dakota, is attached as Exhibit B and will be filed in the State Court Action and forwarded to Plaintiff upon the filing of this Notice of Removal.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

8.     This action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### All Properly Joined Parties Are Diverse

9.     As alleged in the Complaint, Plaintiff is a Minnesota corporation with this principal place of business in Minnesota. (Ex. A, ¶ VI.)

10.    Prudential is now, and at the time the State Court Action was commenced was, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey and therefore is now, and at the time the State Court Action was commenced was, a citizen of the State of New Jersey for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1). *See In re The Prudential Ins. Co. of Am. Sales Practices Litig.*, MDL No. 1061, slip op. at 25 (D.N.J., June 26, 1997) ("Prudential is a citizen of New Jersey for purpose[s] of assessing the propriety of diversity jurisdiction.") (copy attached as Exhibit C).

11.    The Complaint alleges that Pearson "is a licensed insurance producer with his principle place of business in Grand Forks, Grand Forks County, North Dakota." (Ex. A, ¶ VII.) On information and belief, Pearson is a citizen of the State of North Dakota. However, as demonstrated below, Pearson has been fraudulently joined in this action. Therefore, his citizenship is disregarded in determining the existence of diversity. *See, e.g., Hulne v. Int'l Harvester Co.*, 496 F. Supp. 849, 851 (D.N.D. 1980).

12.    Prudential is a defendant in a class action proceeding in the United States District Court for the District of New Jersey (*In re The Prudential Insurance Company of America Sales*

*Practices Litigation*, Docket No. 95-4704 (DRD)). A Final Order and Judgment in the Prudential class action was entered on March 17, 1997, amended on April 14, 1997 ("Final Order and Judgment"), approving a nationwide class action settlement (the "Class Settlement").[1] (Copy attached as Exhibit D.) Plaintiff's claims in this action are barred by the Final Order and Judgment.

13. In the Final Order and Judgment, the District of New Jersey certified a class for settlement purposes consisting of:

> [A]ll persons who own or owned at termination an individual permanent whole life insurance policy issued by Prudential . . . during the Class Period of January 1, 1982 through December 31, 1995 . . . [with certain exceptions not relevant here] ("Policyholders"), and have not timely excluded themselves from participating in the Settlement ("class members" or the "class"). (Ex. D, p. 2, ¶ 2.)

14. Plaintiff's claims in this action, including its claims against Pearson, all arise out of the purchase and subsequent servicing of a Prudential life insurance policy in during the Class Period. (*See* Ex. A, ¶¶ 6-8) Those claims are thus subject to the terms of the Class Settlement.

15. Pursuant to the Stipulation of Settlement, all claims are released relating to the following:

> "Released Transactions" shall mean the marketing, solicitation, application, underwriting, acceptance, sale, purchase, operation, retention, administration, servicing, or replacement by means of surrender, partial surrender, loans respecting, withdrawal and/or termination of the Policies or any insurance policy or annuity sold in connection with, or relating in any way directly or indirectly to the sale or solicitation of, the Policies. (Stipulation of Settlement, ¶ A(1)(bc)) (copy attached as Exhibit E)).

---

[1] The Final Order and Judgment has been affirmed by the United States Court of Appeals for the Third Circuit and the Supreme Court has denied certiorari. *In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999).

16. Furthermore, pursuant to the Stipulation of Settlement, those parties released include Prudential and, among others, all "past, present and future officers, directors, employees, agents, independent contractors, brokers [and] representatives, . . ." (Ex. E, ¶ A(1)(bb))) This includes Pearson.

17. In addition, the Final Order and Judgment permanently enjoined "[a]ll class members, and all persons acting on behalf of or in concert or participation with any class member, . . . from filing, commencing, prosecuting, intervening, or participating in any lawsuit on behalf of any class member in any jurisdiction based on or relating to the facts and circumstances underlying the claims and causes of action in this lawsuit. . . ." (Ex. D, pp. 4-5, ¶ 8)

18. The Final Order and Judgment also provides that it is:

> binding on, and shall have *res judicata* and claim preclusive effect in all pending and future lawsuits maintained by or on behalf of, the plaintiffs and all other class members, as well as their heirs, executors and administrators, successors and assigns. (Ex. D, p. 4, ¶ 6)

19. The Final Order and Judgment expressly provides, in pertinent part, that "[a]ll claims for compensatory or punitive damages on behalf of class members are hereby extinguished, except as provided for in the Stipulation of Settlement." (Ex. D, p. 4, ¶ 6) Pursuant to the Final Order and Judgment, Plaintiff's claims raised in this action, including those against Pearson, are thus precluded.

20. Thus, this action involves claims with respect to a life insurance policy that is covered by the Class Settlement. The policy was not timely excluded from membership in the class or from participating in the Class Settlement. Any claims with respect to that policy are barred by the Final Order and Judgment. Pearson is a releasee under the Class Settlement so claims against him are barred as well.

21.     A non-diverse defendant will not defeat removal where it is demonstrated "that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the sham defendant." *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). *See also Anderson*, 724 F.2d at 84; *Hulne*, 496 F. Supp. at 851. Here, Plaintiff's claims against Pearson are absolutely barred by the Stipulation of Settlement and the Final Order and Judgment.[2] Thus, "there is no possibility that the plaintiff would be able to establish a cause of action" against Pearson. Therefore, Pearson has been fraudulently joined, and his presence does not defeat diversity jurisdiction. *Good*, 5 F. Supp. 2d at 807; *Stoudt Distrib. Co. v. Prudential Ins. Co.*, No. 6:99cv148 (E.D. Tex., filed July 13, 1999) (Steger, J.) (copy attached as Exhibit F).

22.     There is thus complete diversity of citizenship between Plaintiff and the only properly joined defendant.

### The Amount In Controversy Exceeds $75,000

23.     For this Court to have subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

24.     The amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff's Complaint seeks, *inter alia*, $100,000 from each of Prudential and Pearson. Specifically, Plaintiff seeks the following relief:

> 3.     For an Order declaring that from Prudential is due and owing to Plaintiff the amount of $100,000.00, the face value the life insurance policy.
>
> 4.     For an award of damages from Defendant G. Allen Pearson in the amount of $100,000.00.

---

[2] Plaintiffs' claims against Prudential also are barred by the Stipulation of Settlement and the Final Order and Judgment.

(Ex. A, WHEREFORE clause.)

25. Plaintiffs also seek attorneys' fees. (*Id.*) Attorneys' fees likewise are included in determining jurisdictional amount. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933).

26. In light of the foregoing, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

27. Consequently, this action is removable to federal court because there is original federal jurisdiction under 28 U.S.C. § 1332.

28. Accompanying this Notice of Removal are a Civil Cover Sheet and a check in the amount of $350.00 for the required filing fee.

WHEREFORE, defendant The Prudential Insurance Company of America removes the State Court Action from the District Court of Grand Forks County, North Dakota, to this Court, and prays that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in said state court.

Dated: October 15, 2015

Respectfully submitted,

**VOGEL LAW FIRM**

BY: Robert G. Manly (ND# 05500)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
Email:    rmanly@vogellaw.com
ATTORNEYS FOR DEFENDANT
PRUDENTIAL INSURANCE COMPANY
OF AMERICA