# EXHIBIT A

STATE OF NORTH DAKOTA                    IN DISTRICT COURT

COUNTY OF GRAND FORKS          NORTHEAST CENTRAL JUDICIAL DISTRICT

Court File No.:

| | | |
|---|---|---|
| Rivard Farms, Inc., a <br> Minnesota corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | |
| vs. | ) <br> ) | **SUMMONS** |
| G. Allan Pearson, <br> and Prudential Insurance Company <br> of America, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

The State of North Dakota to the above named defendant:

You are hereby summoned and required to appear and defend against the complaint in this action, which is herewith served upon you by serving upon the undersigned an answer or other proper response within twenty-one days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 15 day of September, 2015

RECEIVED

SEP 1 8 2015

BY:_____

BRINK, SOBOLIK, SEVERSON, MALM & ALBRECHT, P.A.

By: _____
    Jeffrey W. Hane
    Attorneys for Plaintiffs
    P.O. Box 790
    Hallock, MN 56728
    (218) 843-3686
    ND Atty. Lic. No. 05083

| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
|---|---|
| COUNTY OF GRAND FORKS | NORTHEAST CENTRAL JUDICIAL DISTRICT |

Court File No.:

| | |
|---|---|
| Rivard Farms, Inc., a<br>Minnesota corporation,      )<br>                  )<br>         Plaintiff,  )<br>                  )<br>         vs.        )<br>                  )<br>G. Allan Pearson,      )<br>and Prudential Insurance Company  )<br>of America,           )<br>                  )<br>         Defendant. )| **COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

Plaintiff, Rivard Farms, Inc., states and alleges as follows:

## INTRODUCTION

### I.

In 1983, Plaintiff Rivard Farms, Inc. purchased a life insurance policy, through Defendant G. Allen Pearson ("Pearson"), agent of Defendant Prudential Insurance Company of America (hereinafter "Prudential"), from Prudential insuring the life of Donald Rivard, a shareholder of Rivard Farms, Inc.

### II.

In March, 2015, Donald Rivard passed away. Upon filing an application with Prudential for the value of the life insurance policy, Plaintiff learned for the first time that Prudential had not renewed and/or canceled said life insurance policy for nonpayment of

premiums.

## III.

In 1994, counsel for Plaintiff contacted Defendant Pearson to inquire whether the cash value of the life insurance policy was of a sufficient amount to service the remainder of the premiums owed for said policy. Defendant Pearson responded in writing stating that payment of the premiums with the cash value of the policy "should work well."

## IV.

Following this correspondence, Plaintiff was under the good faith belief that any and all remaining premiums for said policy would be paid out of the cash value of the policy, which at that time was approximately $32,692.

## V.

At no point has the Plaintiff or any shareholders of the Plaintiff received any notice from either Defendant that the life insurance policy had lapsed, not been renewed, or had been cancelled.

## **THE PARTIES**

## VI.

That Plaintiff, Rivard Farms, Inc., is a Minnesota corporation with its principal place of business at 39567 320th Street NW, Argyle, MN 56713. Rivard Farms, Inc., conducts its business in Marshall County, Minnesota.

## VII.

That G. Allan Pearson is a licensed insurance producer with his principle

place of business in Grand Forks, Grand Forks County, North Dakota. Pearson sold

Plaintiff and its shareholders various financial investment and insurance products.

## VIII.

That the Prudential Insurance Company of America (henceforth

"Prudential") is a foreign insurance company doing business within the State of

Minnesota and licensed by the Minnesota Department of Commerce.

## JURISDICTION AND VENUE

## IX.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to

N.D.C.C. §§ 25-05-06 & 32-23-01, et seq.

## X.

Venue is proper in Grand Forks County, North Dakota, pursuant to N.D.C.C. §

28-04-05.

## FACTUAL BACKGROUND

## XI.

That in the course of its business, Rivard Farms, Inc., held regular corporate

meetings to discuss such topics as corporate succession.   On occasion, Defendant

Pearson attended said meetings to participate in discussions of how life insurance could

be used to fund a Stock Redemption Agreement by the Corporation.

## XII.

That on or about April 25, 1983, Defendant Pearson caused Defendant

Prudential to issue a policy of insurance owned by Rivard Farms, Inc., with the

beneficiary of Rivard Farms, Inc., and having Don Rivard as the measuring life. The

policy had a face amount of $100,000.00.

### XIII.

That on or about June 15, 1994, counsel for Plaintiff, Dennis M. Sobolik,

wrote to Defendant Pearson explaining that the policy of life insurance issued by the

Defendants had a face value of $100,000.00 and a cash value of $32,692.00. That same

letter asked Defendant Pearson to "check and advise whether there is sufficient cash value

to service the premium and let me know your thoughts regarding the funding of the

premium with the earnings off the cash value."

### XIV.

That on or about July 1, 1994, Defendant Pearson sent a FAX back to

Plaintiff's counsel, informing the Plaintiff that Defendant Pearson "will work numbers to

use dividends. Should work well."

### XV.

That at the time of Defendant Pearson's communications to the Plaintiff,

Rivard Farms, Inc. shareholder Royal Rivard was an insured under a separate Prudential

Life Insurance company policy owned by Plaintiff, and Rivard Farms, Inc. shareholder

Roger L. Rivard was an insured under a third separate policy of insurance owned by

Plaintiff. All three policies were procured from Defendant Pearson, as agent for

Prudential, and serviced by Defendant Pearson. All three policies resulted as a result of

Pearson's personal attendance at corporate meetings of the directors and shareholders which took place in Minnesota.

## XVI.

That after the Defendant Pearson's communications in 1994, Plaintiff received no further communications whatsoever from Defendant Pearson with regard to the policy of life insurance at issue.   In addition, Plaintiff received no communication whatsoever regarding the same policy from Defendant Prudential.

## XVII.

That in reliance upon Pearson's communications with the Plaintiff and upon Defendant Prudential's lack of communication with the Plaintiff, the Plaintiff continued to pay premiums for the life insurance policies which insured the lives of Royal Rivard and Roger Rivard, believing in good faith that the policy on the life of Donald Rivard had a sufficient cash value to service the premiums, and without any notice indicating anything otherwise, Plaintiff left in place its business succession plan on the understanding that upon the death of Donald Rivard, Plaintiff would receive the sum of $100,000.00 with which the Corporation would buy out the shares of Donald Rivard.

## XVIII.

That on or about March 20, 2015, Donald Rivard died.   Defendants were fully and properly informed of the same. Upon application to Defendant Prudential, Plaintiff learned that said policy lapsed, and Prudential has refused to pay over the face value of the life insurance policy at issue. Plaintiff then notifed Defendant Pearson, who

That Defendant Prudential has breached its contract with the Plaintiff by failing to pay the sum of one hundred thousand dollars ($100,000.00) due to Plaintiff as insured under the contract of life insurance on the life of Donald Rivard.

XXIV.

That Defendant Prudential has been unjustly enriched by the sum of thirty-two thousand six hundred ninety two ($32,692.00) dollars, which was the cash value of the life insurance policy at issue on or about June 14, 1994, when the Defendant Pearson assured the Plaintiff that the policy cash value would service the life insurance annual premiums.

XXV.

That Defendant Pearson was negligent in his communications with Plaintiff, and said negligence is a direct and proximate cause for the Plaintiff's loss of the sum of one hundred thousand dollars ($100,000.00).

XXVI.

That Defendant Prudential was negligent in its failure to provide notice or any other communication to Plaintiff regarding cancellation or lapse of the policy, and said negligence was a direct and proximate cause of the Plaintiff's loss in the sum of one hundred thousand dollars ($100,000.00).

XXVII.

That at the time Defendant Pearson made his assertions to Plaintiff, Defendant Pearson had the authority of Defendant Prudential to speak on behalf of

has failed after proper demand, to take responsibility for his error and failed to make the Plaintiff whole.

## XIX.

That from July 1, 1994 through the date of Donald Rivard's death, neither Defendant has provided Plaintiff with any notice whatsoever of any non-payment, lapse, or cancellation of the relevant policy.

## XX.

That under Minnesota law, when a life insurance policy has a cash surrender value, the insurer is required to use the cash value of the policy to pay the premiums rather than allow the life insurance policy to be cancelled for non-payment.

## XXI.

That under Minnesota law, no insurer shall cancel or fail to renew an individual life insurance policy for nonpayment of premiums unless it mails or delivers to the named insured at least thirty days before lapse, final notice of the cancellation or non-renewal and the effective date of the cancellation or non-renewal.

## XXII.

That by failing to follow the laws of the State of Minnesota, Defendants have incurred the obligation to pay interest and penalties under Minnesota Statutes Chapter 72A, and Plaintiff is entitled to one-half of the fine recovered upon sentence therefor.

## XXIII.

Prudential and did speak on behalf of Prudential, and Plaintiff reasonably relied on the assertions of Defendant Pearson in the conduct of all future business regarding the policy at issue.

WHEREFORE, Plaintiff requests the following relief:

1.　For an Order declaring that Prudential breached the terms of the life insurance policy, a contract, insuring the life of Donald Rivard when it refused to pay the face value of said policy.

2.　For an Order declaring that the life insurance policy, insuring the life of Donald Rivard, was not renewed and/or was cancelled in a manner contrary to the applicable laws and the terms of the life insurance policy.

3.　For an Order declaring that from Prudential is due and owing to Plaintiff the amount of $100,000.00, the face value the life insurance policy.

4.　For an award of damages from Defendant G. Allen Pearson in the amount of $100,000.00.

5.　For costs and disbursements;

6.　For attorney's fees;

6.　For one-half of the fines and fees levied under Minnesota Statutes Chapter 72A by the Commissioner of Insurance.

8.　For any other relief as may be deemed just and equitable.

BRINK, SOBOLIK, SEVERSON,
MALM & ALBRECHT, P.A.

By: Jeffrey W. Hanc
Attorneys for
P.O. Box 790
Hallock, MN 56728
(218) 843-3686
Minn. Atty. Lic. No. 238569
ND Atty. Lic. No. 05083